IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RENALDO ROBICHAW,** | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **NEAL K. MECHLING, et al.,** | : | |
| Respondents | : | NO. 03-cv-4116 |

**O R D E R**

AND NOW, this 1st day of February, 2008, upon consideration of Renaldo Robichaw's Petition for a Writ of Habeas Corpus (Docket No. 1), the Government's response thereto (Docket No. 8), the Report and Recommendation of Magistrate Judge Charles B. Smith (Docket No. 15), Mr. Robichaw's objections to the Report and Recommendation (Docket No. 26), and the Government's response thereto (Docket No. 29), it is hereby ORDERED that:

1.   the Report and Recommendation is ADOPTED consistent with this Order;[1]

---

[1] After conducting a *de novo* review of the Petition, the Court adopts the findings of the Magistrate Judge, but observes that the extraordinary procedural history of this case requires some additional clarification. First, the Court notes that the document filed by Mr. Robichaw that was construed as a second PCRA petition was clearly an attempt to amend Mr. Robichaw's original PCRA petition. As noted by the Magistrate Judge, however, even if this document had been construed as an amendment to, or an extension of, the first PCRA petition, under Pennsylvania law, any additional claims raised by Mr. Robichaw in an amended PCRA petition, if not raised in the original petition, still would be considered separate and subject to the timeliness requirements of the PCRA. Commonwealth v. Robinson, 781 A.2d 152, 159 (Pa. Super. 2000).

Second, the Court also notes that Mr. Robichaw filed an additional document in state court in an attempt to appeal the dismissal of his first and "second" PCRA petitions. For reasons that are unclear, this document was construed as a PCRA petition – Mr. Robichaw's third – and dismissed as untimely by the Court of Common Pleas. As this third document did not raise any new claims, it has no direct bearing on the habeas petition presently before this Court. The Court notes only that the unfortunate upshot of state courts' apparent policy of construing all filings by convicted criminal defendants as successive PCRA petitions, along with the refusal to docket Mr. Robichaw's appeal of his first PCRA petition, is that there was no appellate review on the merits of the claims timely raised in the first PCRA petition. As Judge Bender noted in his dissent, "[i]t should not be so difficult for a convicted criminal defendant to get review of his conviction." Commonwealth v. Robichaw, No. 1852 E.D.A. 2001 (Pa. Super. 2001) (Bender, J.) (dissenting) (slip op. at 15).

2. the Petition for Writ of Habeas Corpus is DENIED and DISMISSED;

3. Petitioner's objections are DENIED; and

4. there is no probable cause to issue a certificate of appealability under 28 U.S.C. § 2253.[2]

The Clerk of the Court is instructed to CLOSE this case for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E. K. PRATTER
United States District Judge

---

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); Lambert v. Blackwell, 387 F.3d 210, 230 (3d Cir. 2004). The Court concludes, for the reasons provided in Magistrate Judge Smith's Report, that there is no probable cause to issue a certificate of appealability in this case. Mr. Robichaw has not made "a substantial showing of the denial of a constitutional right" for any of his claims as required under 28 U.S.C. § 2253(c)(2).